UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP M. HARRIS,
Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
Respondent.

Civil Action No. 1:10-cv-43

Dlott, C.J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the Court on the petition and respondent's return of writ with exhibits. (Doc. 1, 12).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On January 10, 2007, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) and two firearm specifications. (Doc. 12, Ex. 1).

Petitioner's counsel filed a pretrial motion to suppress statements, which were made by petitioner in an interview with Cincinnati police detectives on January 3, 2007, on the ground that the statements were obtained in the absence of petitioner's knowing, intelligent and voluntary waiver of his constitutional rights. (Doc. 12, Ex. 3). The trial court denied the motion in an entry filed May 14, 2007. (Doc. 12, Ex. 4).

Petitioner next waived his right to a jury trial and elected to be tried by the court. (Doc. 12, Ex. 5). Following a bench trial, the trial court found petitioner guilty as charged. (Doc. 12, Ex. 6). On February 26, 2008, petitioner was sentenced to a life term of imprisonment "without the

possibility of parole for twenty (20) years" for the aggravated murder offense, as well as a mandatory three (3) year prison term on the merged firearm specifications "to be served consecutively and prior to the sentence imposed [for the] underlying offense." (Doc. 12, Ex. 7).

### State Direct Appeal Proceedings

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

1. The trial court erred in denying defendant's motion to suppress his statements to police.

Issue Presented For Review:

> Defendant's statements are involuntary when he is interrogated extensively in a custodial setting before being informed of his right to silence and to counsel, and only waives those rights after making damaging statements.

2. The trial court erred to defendant's prejudice in admitting damaging hearsay testimony.

Issues Presented For Review:

> (A) Defendant was denied his constitutional right to confrontation and due process when the state was permitted to elicit hearsay testimony from the victim's wife.

> (B) Defendant was denied his constitutional right to confrontation and due process when the state was permitted to use the pretrial deposition of a key eyewitness, and to introduce hearsay evidence from her in that deposition.

3. The trial court erred to defendant's prejudice by accepting and journalizing verdicts of guilty . . . in violation of the Due Process Clauses of the Ohio and United States Constitutions.

(Doc. 12, Exs. 8-9).

On November 12, 2008, the Ohio Court of Appeals issued a Judgment Entry overruling the assignments of error and affirming the trial court's judgment. (Doc. 12, Ex. 11).

With the assistance of an attorney from the Ohio Public Defender's Office, petitioner next filed a timely appeal to the Ohio Supreme Court. (Doc. 12, Ex. 12). In the memorandum in support of jurisdiction filed by counsel, the following propositions of law were asserted on petitioner's behalf:

> 1. A statement is testimonial when the declarant indicates an expectation that the statement would be available for a later trial, and the statement would lead an objective witness reasonably to believe that the statement would be available for a later trial, regardless of the identity of the witness.
>
> 2. A trial court's erroneous admission of testimonial evidence is not harmless when there is a reasonable possibility that the admission of that evidence might have contributed to the conviction.
>
> 3. A defendant is deprived of the effective assistance of appellate counsel when appellate counsel fails to raise a constitutional error on direct appeal appropriately.[1]

(Doc. 12, Ex. 13). On April 8, 2009, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 12, Ex. 15).

## Application To Reopen Appeal

On February 5, 2009, petitioner's counsel from the Ohio Public Defender's Office also filed an application with the Ohio Court of Appeals, First Appellate District, requesting that petitioner's direct appeal be reopened. (Doc. 12, Ex. 16). In the application filed pursuant to Ohio R. App. P. 26(B), he alleged that the attorney, who had represented petitioner on direct appeal, was ineffective in failing to raise the following claims as assignments of error for consideration by the intermediate appellate court:

---

[1] Specifically, petitioner alleged as the third proposition of law that his counsel on appeal to the Ohio Court of Appeals was ineffective "for failing to adequately raise the inappropriate admission of testimonial evidence in violation of *Crawford* [*v. Washington*, 541 U.S. 36 (2004)], as described in [the first two] Propositions of Law." (Doc. 12, Ex. 13, p. 8).

3

> 1. The trial court erred in admitting testimonial statements when the declarant indicated an expectation that the statements would be available for a later trial because those statements would lead an objective witness reasonably to believe that the statements would be available for a later trial. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I, Ohio Constitution.
>
> 2. The trial court erred in admitting testimonial evidence and that error was not harmless because there is a reasonable possibility that the admission of that evidence might have contributed to Mr. Harris' conviction.
>
> 3. Phillip Harris was deprived of his right to the effective assistance of trial counsel. Sixth and Fourteenth Amendments, United States Constitution; Section 10, Article I, Ohio Constitution.

(Doc. 12, Ex. 16).

On June 18, 2009, the Ohio Court of Appeals denied the reopening application on the ground that petitioner had not demonstrated a "colorable claim of ineffective assistance of appellate counsel." (Doc. 12, Ex. 18). In so ruling, the court found that "trial counsel did timely object to the challenged testimony, and appellate counsel did present on appeal an assignment of error challenging its admission," which was considered by the court on direct appeal. (Doc. 12, Ex. 18, p. 2). The state appellate court, therefore, concluded that petitioner had "failed to satisfy App. R. 26(B)(2)(c)'s requirement that an application to reopen an appeal set forth 'assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court.'" (Doc. 12, Ex. 18, p. 2).

Apparently, petitioner did not pursue an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' entry denying the reopening application. (*See* Doc. 12, Brief, p. 6).

### Federal Habeas Corpus

Petitioner filed the instant habeas corpus petition in January 2010. (*See* Doc. 1). He alleges three grounds for relief:

> **Ground One:** The trial court erred in denying defendant[']s motion to suppress his statements to police. Defendant[']s statements are involuntary when he is

4

interrogated extensively in a custodial setting before being informed of his right to silence and to counsel, and only waives those rights after making damaging statements.

**Ground Two:** The trial court erred to defendant[']s prejudice in admitting hearsay testimony. I was denied constitutional right to confrontation and due process when the State was permitted to use the pretrial deposition of a key eyewitness and to introduce hearsay evidence from her deposition.

**Ground Three:** The trial court erred to defendant's prejudice by accepting and journalizing a verdict of guilty of aggravated murder, in violation of the Due Process Clauses of the Ohio and United States Constitutions. The evidence presented was insufficient, as a matter of law, to establish my participation in the offense charged, and the jury's verdict was against the manifest weight of the evidence.

(Doc. 1, pp. 5, 6, 8).

In the return of writ filed in response to the petition, respondent contends that petitioner has waived his claims for relief as a result of his procedural default in the state courts. (Doc. 12, Brief, pp. 7-14). Alternatively, respondent argues that petitioner's claims for relief lack merit. (Doc. 12, Brief, pp. 14-25).

## II. PETITIONER PROCEDURALLY DEFAULTED AND HAS WAIVED HIS CLAIMS FOR RELIEF BY FAILING T0 RAISE THEM TO THE OHIO SUPREME COURT

In Ground One of the petition, petitioner challenges the denial of his pretrial suppression motion. (Doc. 1, p. 5). In Ground Two, he claims that he was denied his constitutional right to confront the witnesses against him when the State was allowed to introduce the pretrial deposition of a "key eyewitness" as the witness's trial testimony. (Doc. 1, p. 6). In Ground Three, he challenges the weight and sufficiency of evidence supporting his conviction for aggravated murder. (Doc. 1, p. 8). Respondent argues in the return of writ that petitioner has waived these claims for relief because, although the claims were raised as assignments of error on direct appeal to the Ohio Court of Appeals, they were not asserted as propositions of law on further appeal to the Ohio Supreme Court. (Doc. 12, Brief, pp. 7-12, 14). Respondent's argument has merit.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If it is determined that the petitioner procedurally defaulted his claims in the state courts, federal habeas review is precluded unless the petitioner can demonstrate cause for the state procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Here, as respondent has argued, petitioner did not satisfy the fair presentation requirement and, therefore, has procedurally defaulted his claims for federal habeas relief because he never presented

6

them to the Ohio Supreme Court for consideration. Although petitioner's attorney on appeal to the Ohio Court of Appeals asserted the three claims as assignments of error for review by the intermediate appellate court (*see* Doc. 12, Ex. 9), petitioner's new counsel following the direct appeal did not allege them as propositions of law on further appeal to the Ohio Supreme Court or as issues to be re-considered in his application to reopen the direct appeal. Instead, the assistant Ohio public defender only raised claims stemming from another assignment of error asserted on direct appeal challenging the admission of the decedent's hearsay statements, which were purportedly made to his wife twelve hours before he was killed. (*See* Doc. 12, Exs. 13, 16).[2] Because petitioner thus failed to present the state's highest court with an opportunity to correct the constitutional errors alleged as grounds for relief in the instant petition, he has waived the claims unless he demonstrates cause for and prejudice from his procedural default in the state courts or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See, e.g., Coleman,* 501 U.S. at 750; *Murray,* 477 U.S. at 485.

Petitioner has not demonstrated that failure to consider his claims for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Although petitioner has challenged the weight and sufficiency of evidence supporting his conviction, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *see also Hilliard v. United States,* 157 F.3d 444, 450 (6th Cir. 1998).

In addition, petitioner has not argued or presented any evidence to establish cause for his

---

[2] Specifically, petitioner challenged the admission of the following hearsay statement, which was introduced at trial through the testimony of the victim's wife: "He told me that if something happened to him, that a gentleman named Phillip, his mother worked at Dukester's, they call her Mama T. And if anything happened to him, tell the police that – just that." (*See* Doc. 12, Ex. 11, p. 3; *see also* Ex. 9, pp. 4-5).

7

procedural default in the state courts. Although it is well-settled that appellate counsel's ineffectiveness may constitute cause for a procedural default occurring in an appeal as of right to the Ohio Court of Appeals, *see Murray,* 477 U.S. at 488-89, attorney error amounting to ineffective assistance cannot constitute cause "where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel, including a discretionary appeal." *Tanner v. Jeffreys,* 516 F. Supp.2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh,* 240 F. Supp.2d 708, 714 (N.D. Ohio 2002), in turn citing *Coleman,* 501 U.S. at 751-53); *see also Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982); *Ross v. Moffitt,* 417 U.S. 600, 616 (1974).[3] Because the claims alleged in the instant petition were raised by counsel on appeal to the Ohio Court of Appeals and the default occurred in the discretionary appeal to the Ohio Supreme Court, petitioner is unable to prevail on any claim that counsel's ineffectiveness constitutes cause in this case.

Accordingly, in sum, in the absence of a showing of cause for petitioner's procedural default in the state courts or that a fundamental miscarriage of justice will occur if his defaulted claims for relief are not considered herein, the Court concludes that petitioner has waived his claims for federal habeas relief. The petition, which is barred from review by this Court, is subject to dismissal with prejudice.

---

[3] *Cf. Garrett v. Moore,* No. C-1-05-102, 2007 WL 315093, at *1, *5 (S.D. Ohio Jan. 30, 2007) (Weber, S.J.; Hogan, M.J.) (holding that because the right to effective assistance of counsel does not extend beyond the first appeal as of right to a discretionary appeal, petitioner was unable to establish that the ineffectiveness of his counsel, who represented him on discretionary appeal to the Ohio Supreme Court, in failing to assert all the claims of error that had been raised to the Ohio Court of Appeals, constituted cause for his procedural default); *Whittsette v. Gansheimer,* No. 1:08cv245, 2008 WL 4682656, at *3-4, *9-11 (N.D. Ohio Oct. 22, 2008) (same); *Wright v. Bobby,* No. 1:05cv02870, 2008 WL 2484170, at *1, *17-18 (N.D. Ohio June 17, 2008) (same). *Contrast Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433-35 (6th Cir. 2006) (holding that the constitutional right to effective assistance of counsel during a direct appeal as of right does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the proceeding; such a claim of ineffectiveness on the part of petitioner's appellate counsel is not raised in the instant proceeding).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/4/2011
cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PHILLIP M. HARRIS,                    Civil Action No. 1:10-cv-43
    Petitioner

vs                                    Dlott, C.J.
                                                Litkovitz, M.J.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
    Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Philip M. Harris 575-479<br>SOCF<br>Po Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 1245 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:10cv43 (Doc.14)